IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RICHARD W. COLEMAN JR., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-1628 (PTG/IDD) |
| ) | |
| PENTAGON FORCE PROTECTION ) | |
| AGENCY, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM ORDER

This matter comes before the Court on Defendants' Motion to Dismiss (Dkt. 5) and Motion to Transfer Case (Dkt. 6) ("Motions"). Plaintiff Richard W. Coleman Jr., proceeding *pro se*, filed his Complaint (Dkt. 1) against Pentagon Force Protection Agency ("PFPA") and the Washington Headquarters Service ("WHS") (collectively, "Defendants"), two components of the Department of Defense. Thereafter, Defendants moved to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim. Alternatively, Defendants request that the case be transferred to the United States Court of Appeals for the Federal Circuit. If this Court were to construe Plaintiff's case as seeking review of the whistleblower claims Plaintiff raised before the Merit System Protection Board ("MSPB"), then the Federal Circuit would have jurisdiction. The motions were fully briefed. Dkts. 7, 10, 11. For the reasons that follow, Defendants' Motion to Dismiss (Dkt. 5) is granted in part and denied in part, and Defendants' Motion to Transfer Case (Dkt. 6) is granted.

### I. FACTUAL BACKGROUND

The following facts, taken from the Complaint, and all attachments thereto, are accepted as true for the purposes of this Motion:

Plaintiff Richard W. Coleman Jr. is employed by PFPA's Bomb Squad. Compl. at 7. Specifically, according to Plaintiff's Consultant Expert Report, attached to the Complaint, Plaintiff was employed as a Supervisory Explosives Investigator. Dkt. 1, Ex. 1 at 2. In January 2015, WHS informed Bomb Squad members of its "deci[sion] to discontinue" offering Hazardous Duty Pay ("HDP"). Compl. at 7. At that time, WHS also indicated that it (1) would issue new position descriptions, deleting any reference to HDP; and (2) planned to recover the HDP that had been paid to Bomb Squad members with interest from the date of each members' appointment. *Id.*[1]

In April 2015, WHS held another meeting with Bomb Squad members and provided them with the new position descriptions that did not reference HDP. *Id.* at 7–8. In May 2015, Plaintiff was reassigned to a new position and officially notified that he would no longer receive HDP. *Id.* His new position description contained the same electronic signature as the old position description. *Id.* at 8. Plaintiff filed a complaint with the Department of Defense Inspector General's Office ("DoDIG") regarding signature duplication on the position descriptions. *Id.* DoDIG allowed WHS to investigate the issue. *Id.* Subsequently, WHS deemed the work as "sloppy," and DoDIG, accepting this statement, closed the case. *Id.* Plaintiff then retained counsel and an expert consultant on federal human resource issues. *Id.*

On April 10, 2017, Plaintiff filed a "formal request for a [d]esk [a]udit for the Hazardous Devices Branch" so that "PFPA and WHS [could] verify" what actual hazards and tasks occur on the job. *Id.* at 9. On April 11, 2017, PFPA instructed Plaintiff and other members of the Bomb Squad to "verify that the fire extinguishers in the Pentagon and Mark Center were not improvised explosives devices and were to be inspected monthly." *Id.* PFPA did not know that WHS had

---

[1] For Plaintiff, this would have been since 2011, resulting in an amount of $174,598.05. Compl. at 8. WHS later halted all attempts to recover the HDP previously paid to Plaintiff and other members of the Bomb Squad. *Id.*

2

contracted with a private firm to conduct the same "monthly serviceability checks of the fire extinguishers." *Id.* Prior to the first inspection, PFPA "cancelled the inspection requirement." *Id.* PFPA failed to reply to Plaintiff's request for a desk audit. *Id.*

On September 16, 2024, Plaintiff filed this civil action, asserting two claims: (1) violation of 18 U.S.C. § 1001, a statute criminalizing the making of false statements; and (2) Retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203. *Id.* at 3. The Complaint seeks back pay from the PFPA and WHS. Compl. at 5. Defendants filed the instant motions. Dkts. 5, 6.

## II. LEGAL STANDARD

### A.   12(b)(1) Motion to Dismiss

Federal district courts are courts of limited subject-matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Under Federal Rule of Civil Procedure 12(b)(1), a defendant may raise the defense that the court lacks subject-matter jurisdiction to hear the claim. Fed. R. Civ. P. 12(b)(1). Typically, when a defendant challenges subject matter jurisdiction factually, the plaintiff carries the burden of proving that jurisdiction is proper by a preponderance of the evidence. *See US ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citation modified).

### B. 12(b)(6) Motion to Dismiss

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility requirement mandates that a plaintiff "demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Accordingly, a complaint is insufficient if it relies upon "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Id.* (first quoting *Iqbal*, 556 U.S. at 679; and then quoting *Twombly*, 550 U.S. at 557).

When reviewing a motion brought under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). The Court construes *pro se* complaints liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When considering a motion to dismiss, courts are "generally limited to a review of the allegations of the complaint itself." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). However, the court may also "consider documents that are explicitly incorporated into the complaint by reference, . . . and those attached to the complaint as exhibits." *Id.* at 166 (citation modified). Moreover, the Court may consider documents "submitted by the movant that [were] not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.*

4

### III. ANALYSIS

#### A. Plaintiff Fails to State a Claim under 18 U.S.C. § 1001

Count I asserts a claim under 18 U.S.C. § 1001, which is a federal statute criminalizing making false statements. Because this is a federal criminal statute, it does not provide a private right of action. *Fed. Sav. & Loan Ins. v. Reeves*, 816 F.2d 130, 137–38 (4th Cir. 1987) (holding there was no basis to imply a private right of action under 18 U.S.C. § 1001). Accordingly, the Court must dismiss Count I as a matter of law.

#### B. Plaintiff Fails to State a Claim Under the ADA or Rehabilitation Act

Count II alleges a violation under the ADA. Generally, to state a retaliation claim under the ADA, "a plaintiff must allege (1) that []he has engaged in conduct protected by the ADA; (2) that []he suffered an adverse action subsequent to engaging in the protected conduct; and (3) that there was a causal link between the protected activity and the adverse action." *Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 216 (4th Cir. 2002) (citing *Rhoads v. FDIC,* 257 F.3d 373, 392 (4th Cir. 2001)). This Court, however, does not have subject-matter jurisdiction to review Plaintiff's claims arising under the ADA because Plaintiff is a federal employee. The United States has not waived sovereign immunity under the ADA and thus is not subject to suit. *Marynowski v. Brady*, No. 1:23-cv-613, 2024 WL 4138746, at *3 (E.D. Va. Sept. 10, 2024). Therefore, this Court dismisses Count II pursuant to Rule 12(b)(1) to the extent that Count II raises a claim for ADA Retaliation.

Instead, this Court construes Count II as asserting retaliation under the Rehabilitation Act. *Ruddell v. Triple Canopy, Inc.,* No. 1:15-cv-01331, 2016 WL 4529951, at *5 (E.D. Va. Aug. 29, 2016) ("The Rehabilitation Act prohibits the federal government" from "engaging in disability discrimination"). "The ADA and Rehabilitation Act generally are construed to impose the same

5

requirements due to the similarity of the language of the two acts." *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 468 (4th Cir. 1999); *see also Freilich*, 313 F.3d at 214.

Even if liberally reading the Complaint as raising a claim under the Rehabilitation Act, the Complaint still fails to state a claim as a matter of law because it fails to plead facts that plausibly allege the first element. Specifically, Plaintiff does not allege that his request for a desk audit or opposition to the cessation of HDP is conduct protected by the Rehabilitation Act. *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 154 (4th Cir. 2012) (noting that the ADA only prohibits retaliation covered by the statute); *see also Baird ex rel. Baird*, 192 F.3d at 468 (acknowledging that the ADA and Rehabilitation Act largely "impose the same requirements"). Thus, the Court also dismisses Count II—Rehabilitation Act retaliation—under Rule 12(b)(6).

### C. Transferring Plaintiff's Claim to the Federal Circuit

Defendants argue that because Plaintiff appears to predicate his retaliation claim on his "formal request for a [d]esk [a]udit" in April 2017 or his opposition to Defendants' cessation of HDP, his claims may be construed under the Whistleblower Protection Act ("WPA"). Compl. at 9; Dkt. 7 at 7–9. The Court agrees. Therefore, the Court liberally construes the Complaint as alleging a violation of the WPA.

The Civil Service Reform Act ("CSRA") governs judicial and administrative review of personnel actions regarding federal employees. *Zachariasiewicz v. U.S. Dep't of Justice*, 48 F.4th 237, 242–43 (4th Cir. 2022). Typically, an employee can seek review of major personnel actions directly to the MSPB. *Id.* However, to challenge other "personnel actions that violate certain 'prohibited personnel practices,' the employee must first file a complaint in the [Office of Special Counsel] before proceeding to the MSPB." *Id.*; *see* 5 U.S.C. § 1214(a)(3). A WPA claim falls into the category of challenges that must first be presented to the Office of Special Counsel. *Id.*

6

at 243. Once exhausted, a plaintiff can seek judicial review of the MSPB's decision in the Federal Circuit. *Id.*

To the extent Plaintiff seeks to bring original WPA claims before this Court, this Court is precluded from reviewing Plaintiff's claims. No courts have jurisdiction to hear WPA claims "in the first instance." *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002). Indeed, as stated above, plaintiffs must first bring WPA claims before the Office of Special Counsel and then exhaust them through the MSPB. *Zachariasiewicz,* 48 F.4th at 243; *see* 5 U.S.C. §§ 1221(a), 1214(a)(3). After claims have been exhausted, only the Federal Circuit or "any court of appeals of competent jurisdiction" is authorized to review the MSPB's decision. *Zachariasiewicz,* 48 F.4th at 243; § 7703(b)(1)(B). Under the CSRA, only in those cases where an employee alleges that unlawful discrimination was a basis for an action appealable to the MSPB, a "mixed-case," may an employee seek judicial review in federal district court.[2] *Zachariasiewicz,* 48 F.4th at 243 (citing 5 U.S.C. § 7702(a) and *Kloeckner v. Solis*, 568 U.S. 41, 44–45, 50 (2012).

Here, Defendants do not appear to contest that Plaintiff administratively exhausted the WPA claims raised in his Complaint. Indeed, they request that this action be transferred to the Federal Circuit because Plaintiff has timely filed his Complaint with this Court. Dkt. 7 at 10. Plaintiff does not mention the MSPB on the face of his Complaint. Plaintiff does not contest the authenticity of the MSPB proceedings Defendants have attached to its memorandum in support of its motions. Dkt. 7-1. Moreover, the factual allegations asserted in the Complaint appear largely parallel to those Plaintiff asserted before the MSPB. *See* Dkt. 1 (challenging WHS's decision to stop providing HDP); Dkt. 10, Ex. 7 at 7 (acknowledging that Plaintiff challenges "the continued

---

[2] Plaintiff does not appear to allege that Defendants unlawfully discriminated against him. Thus, the Court is satisfied that Plaintiff's claims do not support a mixed case.

7

denial of [HDP]"); Dkt. 71, Ex. C ("MSPB Final Order") ¶¶ 2–4 (providing background on the discontinuation of HDP for the Bomb Squad and Plaintiff's challenges to the decision). Plaintiff does not dispute that he raised these claims before the MSPB and merely challenges the MSPB's conclusions. Dkt. 10 at 1, 3 (arguing this Court has jurisdiction based on the MSPB's "assertion of not having non-frivolous communication" and because he had "exhausted all of [his] administrative requirements to get relief on these issues"). In addition, in his opposition, Plaintiff requests in lieu of dismissing his Complaint, that this matter be transferred to the Federal Circuit. Dkt. 10 at 9. The MSPB proceedings appear integral to the Complaint, Plaintiff does not dispute their authenticity, and no party disputes whether the claims raised in the Complaint were administratively exhausted. For these reasons, the Court liberally construes the Complaint as seeking judicial review of the MSPB's final decision.

The MSPB's Final Order is dated August 14, 2024. MSPB Final Order at 1. Plaintiff had sixty days from this date to petition the Federal Circuit for review. 5 U.S.C. § 7703(b)(1)(B). Plaintiff filed this civil action on September 16, 2024. Dkt. 1. Thus, Plaintiff would have timely filed his petition had he filed it with the Federal Circuit. Seeing that this Court does not have jurisdiction to review reprisal claims under the Whistleblower Protection Act, the Court finds, that in the interests of justice, this matter should be transferred to the Federal Circuit. 28 U.S.C. § 1631.

## CONCLUSION

As stated above, Plaintiff has failed to state a claim under the Rehabilitation Act or under criminal statute, 18 U.S.C. § 1001. Plaintiff has asked the Court to transfer the case rather than dismiss it outright. Thus, the Court liberally construes the Complaint as seeking judicial review of the MSPB's decision. Since Plaintiff also timely filed his Complaint within the sixty-day

8

window of receipt of the MSPB decision, the Court finds that it would be in the interest of justice to transfer this case to the Federal Circuit.

Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Transfer Case (Dkt. 6) is **GRANTED**; it is further

**ORDERED** that Defendants' Motion to Dismiss (Dkt. 5) is **GRANTED** in part and **DENIED** in part; it is further

**ORDERED** that is Defendants' Motion (Dkt. 5) is granted to extent that Count I (18 U.S.C. 1001 Claim) and Count II (construed as an Rehabilitation Act Retaliation Claim) are dismissed. Defendants' request that the dismissal be with prejudice is denied; and it is further

**ORDERED** that this case be transferred to the Federal Circuit.

The Clerk is **DIRECTED** to mail a copy of this order to Plaintiff, Richard W. Coleman Jr., proceeding *pro se*.

_____
Patricia Tolliver Giles
United States District Judge

Entered this 12th day of August, 2025.
Alexandria, Virginia